IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICK JAMES HOWARD, | § | |
|     TDCJ-CID #1527296, | § | |
| v. | § | C.A. NO. C-11-125 |
| | § | |
| WARDEN E. GUTERREZ, ET AL. | § | |

**OPINION AND ORDER DISMISSING CERTAIN CLAIMS AND
RETAINING CASE AND DENYING MOTIONS FOR INJUNCTIVE RELIEF**

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion to amend his complaint. (D.E. 12). Pending also are plaintiff's motion to relocate, (D.E. 9), and his motion for a temporary restraining order. (D.E. 14). Essentially, these latter two motions seek injunctive relief by a court-ordered transfer to another facility.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (citations omitted). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, the Court shall retain plaintiff's Eighth Amendment claims alleging unconstitutional conditions of confinement against certain defendants, as well as his

retaliation claims, and dismiss his remaining claims against the remaining defendants for failure to state a claim or frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) and §1915A(b)(1). In addition, the Court denies without prejudice plaintiff's motion for preliminary injunctive relief.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 13), this case was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 15); see also 28 U.S.C. § 636(c).

## II. BACKGROUND

Plaintiff Patrick James Howard is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this action on April 12, 2011, complaining that his life was in danger because he was being denied his medical appointments due to staff shortages, and that he was being exposed to unconstitutional conditions of confinement in deliberate indifference to his serious medical needs, as well as in violation of federal laws protecting the disabled. (D.E. 1). He named the following individuals as defendants: (1) Warden Guterrez; (2) Warden Jackson; (3) Major Castro; and (4) Captain Rodriguez. Id.

On May 27, 2011, plaintiff filed an amended complaint (D.E. 12),[1] seeking to add additional claims and named the following additional defendants: (5) Rick Thaler; (6) Sergeant

---

[1] Plaintiff filed a motion for leave to file his amended complaint. (D.E. 12). Pursuant to the Federal Rules of Civil Procedure, a plaintiff may amend his complaint without leave of court if filed within 21 days after serving it or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). As service has not yet been effected, plaintiff's motion for leave to file his amended complaint is timely and is granted.

2

Ramirez; (7) Lieutenant Cabrera; (8) Sergeant Wessels;[2] (9) Sergeant Garza; (10) Officer Hickey; (11) Officer L. Williams; (12) Lieutenant Lopez; (13) Captain Salazar; (14) Sergeant A. DelaGarza; (15) Property Officer Martin; and (16) - (18) three Doe defendant grievance investigators.

A Spears[3] hearing was conducted on May 25, 2011. The following allegations were made in plaintiff's original complaint or at the hearing.

Plaintiff suffers from epilepsy, and he often experiences seizures, followed by temporary paralysis that renders him unable to speak. He was previously housed at the TDCJ-CID's medical unit, Jester III, but was transferred after assaulting another inmate with a weapon. He is currently housed in administrative segregation at the McConnell Unit.

Plaintiff arrived at the McConnell Unit on September 11, 2010. He claims that his life is in danger in administrative segregation at the McConnell Unit because, due to understaffing, he is denied proper medical attention; he is left in his cell following seizures and not discovered timely; he is denied showers and recreation; he is left in the showers for too long; he is routinely served tomatoes, despite the fact he is allergic to them; he has been retaliated against for filing grievances; defendants have failed to investigate his grievances; and his property was lost and not replaced.

---

[2] Plaintiff named Sergeant Wessels as a defendant in his amended complaint. However, nowhere in that pleading did plaintiff articulate a claim against this specific defendant, nor did he make any claim against this individual at the Spears hearing. Finally, in his motion for a temporary restraining order, (D.E. 14), plaintiff no longer includes Sergeant Wessels in his list of defendants in the style of the case. Thus, the Court finds that plaintiff has abandoned his claims against this defendant, and Sergeant Wessels is dismissed without prejudice.

[3] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On December 1, 2010, Officer Williams was assigned to take plaintiff for a shower and then to recreation. She ordered plaintiff to take the shower with his boots on. Plaintiff refused and asked for a supervisor. Lieutenant Cabrera arrived and told plaintiff that she would investigate his claims, but she did not. Thereafter, Officer Williams wrote plaintiff a false disciplinary case alleging that plaintiff had an item on his windowsill in violation of prison rules. Plaintiff was found guilty of the disciplinary offense and lost sixty days worth of privileges, including recreation.

Plaintiff has filed grievances against Officer Williams concerning the disciplinary case and denial of meals. His grievances against Officer Williams have all been denied.

On January 1, 2011, after plaintiff suffered a seizure, he was taken to the emergency room at Christus Spohn Hospital. Upon discharge, the doctor told Sergeant Ramirez that plaintiff should be returned to the infirmary and "placed under observation," in part, because plaintiff was experiencing paralysis of the voice and could not communicate his needs. Sergeant Ramirez brought plaintiff back to the prison and took him to the infirmary where the physician's assistant assessed him and ordered him returned to his cell. Sergeant Ramirez failed to tell the physician's assistant that the doctor wanted him kept in observation. Plaintiff was placed back in his single-man cell with no way to communicate. As a result, plaintiff was left in his cell and unattended to for 72 hours, missing a shower and meals.

On February 3, 2011, plaintiff was moved within the unit. Officer Hickey packed plaintiff's personal property, and following the move, eighty percent of his property was lost, including headphones and a night lamp. Plaintiff acknowledged being paid $85, but complains that he has never received the full value of his lost property. He asserts that $500 is the amount

necessary to replace his lost items. (D.E. 9, at 1). Sergeant Garza signed a document stating that Officer Hickey had packed the property in a clear bag and brought it to the property room, but she later admitted that she did not actually see him take the property to the property room. Plaintiff filed grievances concerning the loss of property, and he also complained directly to Warden Jackson, Major Castro, and Captain Rodriguez, but to date, he has still not been paid the full value of his lost property. Plaintiff also complained to Officer Martin, the property officer, who admitted that she had observed officers pack property incorrectly in the past, but told him that she did not have the opportunity to retrain staff, and that she would not get involved in the matter. Plaintiff has not filed an action in state court for conversion.

In March 2011, numerous administrative segregation prisoners burned their mattresses or bedding in their cells to cause a disturbance. Plaintiff began experiencing breathing problems, and he filed a life in danger complaint stating that his life was in danger due to the smoke in administrative segregation. On one day in particular, the smoke from a burning mattress was so thick it was pitch black. However, due to the prison being understaffed, the officers elected to let the mattress burn out on its own, hoping that the offender who started the fire would endure the worst and be deterred from burning things again. Plaintiff told a night shift officer that he could not breathe, but the officer indicated that, due to staff shortages, he had no officer available to move him to another location. Plaintiff requested rank, and Warden Jackson ordered that he be moved.

Plaintiff testified that he has missed at least seven scheduled medical appointments due to staff shortages. He was last seen in the infirmary on April 4, 2011, where he was diagnosed with a bladder infection and prescribed two medications.

Plaintiff has spoken to Captain Rodriguez on several occasions about missing medical appointments, and has told him that his health is failing. Captain Rodriguez assured him that he would look into the matter, but he has done nothing.

Plaintiff complained to TDCJ-CID Director Rick Thaler, Warden Guterrez, Warden Jackson, and Major Castro about the inmates burning items, the unsafe conditions it caused, and his missed medical appointments, but these officials denied his grievances or failed to respond altogether. Warden Jackson routinely denies plaintiff's grievances. Even in grievances in which he has complained about Warden Jackson, he denies those grievances too. However, plaintiff admitted that Warden Jackson twice moved him in response to his complaints: once on October 18, 2010, and once in March 2011. On April 20, 2011, plaintiff saw Warden Jackson in a hallway and Warden Jackson said to him,"You're going to make me knock your bitch ass out!", in response to plaintiff filing grievances. Plaintiff felt threatened by this statement.

In May 2011, plaintiff filed a grievance against Sergeant DelaGarza complaining that she sleeps on the job, allowing other inmates to threaten him, and that she and other officers do not do their jobs because they allow the inmates to play their music loudly. In retaliation for this grievance, she came to plaintiff's cell and started yelling at him and letting other prisoners know that he had complained about the music so that he would be perceived as a "snitch." In fact, she threatened to show the grievance he had written to the other inmates. Plaintiff filed a life in danger claim, but he has not received any type of response.

Captain Salazar is the officer in charge of the kitchen. Plaintiff has a documented allergy to tomatoes about which the medical department has notified the kitchen. For meals, plaintiff is to be provided with another food in substitution of tomatoes. However, since his arrival at the

6

McConnell Unit, he has repeatedly been given food trays with tomatoes or tomato-based foods. Plaintiff has filed grievances complaining about the tomatoes. Captain Salazar answers the grievances as "noting" plaintiff's allergy, but he has failed to take the appropriate steps to ensure that plaintiff does not receive tomatoes. As a result, plaintiff has missed meals when he was served a food tray with tomatoes.

In June 2010, Officer Williams twice delivered a food tray with tomatoes to plaintiff. Plaintiff complained to Lieutenant Lopez on days when he received a food tray with tomatoes and requested that he be provided with a different meal. Lieutenant Lopez denied these requests telling plaintiff that the unit was short-staffed so he could not allow an officer to go retrieve a new meal for plaintiff.

### III. DISCUSSION

**A.     The Legal Standard For Screening Inmate Civil Rights Actions.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally

construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Plaintiff's Eighth Amendment Claims Shall Be Retained.**

Plaintiff is suing Rick Thaler, Warden Guterrez, Warden Jackson, Major Castro and Captain Rodriguez for unconstitutional conditions of confinement, arguing that the staff shortage has resulted in him being denied showers, meals, recreation, medical appointments, and has caused officers to be over-worked and not protect him adequately from other inmates.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations omitted). Conditions that result in "unquestioned and serious deprivation of basic human needs," or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-10 (1992) (citations omitted). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety. Farmer, 511 U.S. at 834 (citations omitted).

Plaintiff has sued Rick Thaler, the TDCJ-CID executive director, alleging that he complained about the conditions at the McConnell Unit to him directly, but that he failed to respond or to correct the situation. However, the Fifth Circuit has found that, given the size of the TDCJ, it is not unreasonable for supervisory officials to discharge their duties by referring matters to others. See Johnson v. Johnson, 385 F.3d 503, 526 (5th Cir. 2004). The mere fact

that Rick Thaler did not personally respond to plaintiff's complaints fails to state a constitutional violation, and this claim is dismissed.

Plaintiff claims that Warden Guterrez, Warden Jackson, Major Castro, and Captain Rodriguez are personally aware of the staff shortages and resulting problems caused by the unit being understaffed, yet they have failed to remedy the problem. The Supreme Court recently addressed the problems associated with chronically understaffed prisons within the context of California's overcrowded prisons in Brown v. Plata, __ U.S. __, 2011 WL 1936074 (May 23, 2011). Although over-crowding was noted as the primary cause for constitutional violations in the California system, the Supreme Court acknowledged that, when a prison is understaffed, it follows that Eighth Amendment violations are more likely to occur as the available staff cannot meet the basic needs of the inmates. Id. at *9.

In this case, plaintiff testified that he was repeatedly denied medical attention, the correct food tray, and exposed to unsafe conditions simply because there was not enough staff to escort him to a medical visit, to get him the proper food tray, or to stop wayward prisoners. The medical director acknowledged to plaintiff that there was a staffing problem with security, and even though plaintiff was given medical appointments, he could not attend them because of security issues. Indeed, correctional officers did not intervene when inmates actually burned items in their cells. One official related to plaintiff that it was the strategy of prison officials to let the fire burn with the hope that the offending inmate would suffer more than the rest of the population, and therefore, not engage in that behavior again. Taking plaintiff's allegations as true, he has adequately described conditions that may violate the Eighth Amendment, and therefore, his claims against these supervising officers are retained.

Plaintiff claims that he was denied meals because he was often served food trays that contained tomatoes, despite a medical restriction that he not be served such foods. He seeks to hold responsible Captain Salazar, the kitchen officer, as well as Sergeant Lopez, who refused to provide him with a substitute meal, and Officer Williams, who twice served him tomatoes.

The Fifth Circuit has explained that "[t]he deprivation of food constitutes cruel and unusual punishment <u>only</u> if it denies a prisoner the 'minimal civilized measure of life's necessities.'" <u>Talib v. Gilley</u>, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)) (emphasis added). Plaintiff testified to having missed meals, or receiving substitute meals of beans, cheese and peanut butter. However, he does not contend that he suffered any significant weight loss, or sustained any medical injury as a result of the missed meals. Similarly, his complaints that his meals were often cold, or that he observed roaches on the food cart do not amount to a denial of the "minimal measure of life's necessities." Indeed, it appears that the mix-ups associated with plaintiff's diet are most likely attributable to the understaffing issue or negligence rather than any deliberate indifference by Captain Salazar, Sergeant Lopez, or Officer Williams. Accordingly, plaintiff's claims against these defendants based on the fact he did not receive his meals on certain dates, or was served tomatoes erroneously are dismissed for failure to state a claim.

Plaintiff claims that he was denied showers due to staff shortages. The Fifth Circuit has determined that denial of showers during a three-day period did not violate the Eighth Amendment. <u>See</u> <u>Hamilton v. Lyons</u>, 74 F.3d 99, 106 n.8 (5th Cir. 1996). The Seventh Circuit has held that inmates have no Eighth Amendment right to at least three showers per week. <u>Davenport v. DeRobertis</u>, 844 F.2d 1310, 1316 (7th Cir. 1988) ("we do not think that the

provision of the injunction requiring the defendants to allow the inmates to take three a week has adequate support in the record or in the constitutional doctrine"). Plaintiff's allegations specifically concerning the sporadic denial of showers do not amount to a denial of life's basic necessities, and these claims are dismissed.

Plaintiff claims that Sergeant Ramirez was deliberately indifferent to his health and safety when, following plaintiff's visit to the emergency room on January 1, 2011, Sergeant Ramirez failed to tell the McConnell Unit nurse that he should remain in the infirmary for observation. Instead, Sergeant Ramirez took plaintiff to the infirmary where the physician's assistant assessed him and then released him back to his cell. Plaintiff claims that he was then left in his cell for 72 hours, unable to communicate or care for himself due to his partial paralysis. Despite the fact that Sergeant Ramirez was instructed by the hospital doctor to have plaintiff placed in observation at the unit, plaintiff fails to offer any facts to suggest that Sergeant Ramirez's failure to follow these instructions amounts to deliberate indifference.

Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. Farmer, 511 U.S. at 837. Here, Sergeant Ramirez took plaintiff back to the infirmary following his evaluation at the emergency room. The prison physician's assistant then prescribed a different course of treatment, and Sergeant Ramirez followed those orders. Plaintiff does not suggest, and there are no facts to demonstrate, that Sergeant Ramirez purposely did not relate to the physician's assistant the hospital doctor's

instruction that plaintiff remain in observation. As such, plaintiff's allegations against Sergeant Ramirez fail to state a claim, and plaintiff's claims against this defendant are dismissed.

### C.     Plaintiff's Retaliation Claims Shall Be Retained.

Plaintiff testified that in May 2011, he filed a grievance against Sergeant DelaGarza alleging that she was sleeping on the job and failing to adequately perform her duties because she allowed the inmates in administrative segregation to play their music at high volume. In response, she came to plaintiff's cell and threatened to show the grievance to other inmates so they would know that he was complaining about the music being too loud. He also claims that, in response to his filing grievances, on April 20, 2011, Warden Jackson physically threatened him.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The Fifth Circuit has further explained that an "inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may be plausibly inferred.'" Id. (citation omitted).

The Fifth Circuit has explained that "[t]he purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their

constitutional rights." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)). However, some acts, even though they may be "motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." Id. "Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." Id. For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. Id. at 687.

In this instance, plaintiff has adequately stated a claim of retaliation against Sergeant DelaGarza and Warden Jackson. Indeed, an officer's threat to reveal the substance of a grievance that would effectively inform other offenders that he was complaining to officials about them, or alleging that staff should better control their behavior, would most likely result in plaintiff being labeled as a snitch or someone who could not be trusted. The Fifth Circuit has recognized that an inmate labeled as a "snitch" may be at increased risk of physical harm by other inmates or even staff. See Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003) (noting prison officials agreed that an individual who divulges information about a gang "might be a target of violence"); Alberti v. Klevenhagen, 790 F.2d 1220, 1226 (5th Cir. 1986) (prisoners reluctant to come forward with information for fear of being labeled a snitch); see also David v. Hill, 401 F. Supp. 2d 749 (S.D. Tex. 2005) (holding that an inmate stated a retaliation claim against a correctional officer who sought him to work as a "snitch"). In addition, Warden Jackson's threat of physical harm in response to plaintiff's grievance activity could also have a chilling effect on plaintiff engaging in the grievance process. Thus, the Court retains plaintiff's retaliation claims against Sergeant DelaGarza and Warden Jackson.

**D.     Plaintiff's Loss Of Property Claims Are Dismissed Without Prejudice.**

Plaintiff has sued Officer Hickey, Sergeant Garza, and Property Officer Martin concerning the loss of his personal property. He claims that Officer Martin failed to train officers properly as to handling inmate property, that Officer Hickey failed to ensure that his property made it to the property room after he packed it, and that Sergeant Garza falsified a document when she indicated that she had observed Officer Hickey pack plaintiff's property properly.

Plaintiff's property claims fail to state a constitutional violation because an adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under § 1983, regardless of whether the deprivation is negligent or intentional. See Parratt v. Taylor, 451 U.S. 527, 534-35 (1981); Hudson v. Palmer, 468 U.S. 517, 543 (1984).

Under the Pratt/Hudson doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies. A plaintiff may then pursue a claim pursuant to § 1983 only after those remedies are denied on grounds other than the merits of the claim. See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983) The burden is on the inmate to show that the post-deprivation remedy is inadequate. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, "the tort of conversion fulfills this requirement"); see also Beam v. Voss, 568 S.W.2d 413, 420-21 (Tex. App. 1978) (conversion is "[t]he unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent

with the owner's rights"). In addition, state law specifically provides that inmates may recover up to $500 on a claim that the TDCJ lost or damaged personal property. Tex. Gov't Code § 501.007.

Plaintiff has not filed an action for conversion in state court concerning his lost property. More importantly, he has not alleged any inadequacy in the remedies available to him under Texas law. See Parratt, 451 U.S. at 544 ("The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process."). Therefore, to the extent plaintiff is complaining of a loss of property, he has failed to state a claim upon which relief can be granted, and his claims against Officer Hickey, Sergeant Garza, and Property Officer Martin are dismissed without prejudice.

**E.      Plaintiff's Claims Based On The Investigation Of His Grievances Are Dismissed.**

Plaintiff has sued Warden Guterrez, Warden Jackson, Lieutenant Cabrera, Captain Salazar and three Doe defendant grievance investigators alleging that they failed to investigate his grievances properly or wrongly denied his grievances.

Plaintiff has no constitutional right to have his grievances investigated in a certain manner, or for the investigating officers to reach a different conclusion. See Beall v. Johnson, 54 F. App'x 796, 2002 WL 31845615, at *1 (5th Cir. Dec. 12, 2002) (per curiam) (unpublished) (prisoner's allegation that he has a constitutionally protected right to have his grievance investigated and resolved is without merit because resolution of the grievance does not involve a "significant hardship ... in relation to the ordinary incidents of prison life") (quoting Sandin v. Conner, 515 U.S. 472, 485-86 (1995)); see also Taylor v. Cockrell, 92 F. App'x 77, 78 (5th Cir. 2004) (per curiam) (unpublished) (citing Sandin). Nothing in plaintiff's testimony or pleadings

15

suggests that these investigating officials, by any act or omission, actually violated plaintiff's constitutional rights by denying his grievances. Instead, he simply sues each one because they were involved in the investigation process of his grievances. Thus, plaintiff's claims alleging that his grievances were not investigated or were denied in error are dismissed with prejudice for failure to state a claim or as frivolous.

### F.     Plaintiff's Motion For A Temporary Restraining Order Is Denied.

On May 31, 2011, plaintiff filed a motion for a temporary restraining order, (D.E. 14), wherein he requests that the Court immediately transfer him off the McConnell Unit because of the conditions he complains about in his original and amended complaints. He alleges that his life is in danger because defendants have continuously disregarded "his handicap state of being," by ignoring his severe allergies and seizures. He claims that staff fail to make regular security checks, leave him in the shower for up to two to three hours without checking on him, that at least once a day he is served food that has been cooked with tomatoes, to which he is highly allergic, and when he complains, officers "end up feeding him 'beans and cheese or peanut butter.'" He claims that, when he suffers seizures, he must be rushed to an outside hospital, and when he returns to the McConnell Unit, they fail to follow the hospital discharge orders. He argues that he has brought all of his complaints to the attention of prison administrators and complained about the inadequate staffing, but that the defendant officials have failed to take any action to correct these problems. Finally, he complains that Warden Jackson and Sergeant DelaGarza have retaliated against him because he filed grievances.

To obtain a preliminary injunction pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits;

(2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted); see also Parker v. Ryan, 960 F.2d 543, 545 (5th Cir. 1992) ("the requirements of Rule 65 apply to all injunctions"). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

The Fifth Circuit has explained that "[w]hile the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001) (citing Farmer, 511 U.S. at 832).

For purposes of § 1915A, plaintiff has established that the staff shortage at the McConnell Unit is negatively affecting the prison conditions, and may be rising to the level of causing unconstitutional conditions of confinement. However, it is also noted that many of plaintiff's complaints arise in the context of his comparing his incarceration at the McConnell Unit with that at the Jester III Unit, and where plaintiff sees a constitutional violation, other inmates have effectively told him that this is just the way things are on the McConnell Unit. Although prison officials will address plaintiff's claims that pass screening, his allegations do not suggest that he is in any imminent physical danger based on his complaints about food,

showers, recreation, medical appointments, and security checks. As such, plaintiff has failed to establish the likelihood of success as it relates to his Eighth Amendment conditions of confinement claims.

In order to justify an injunction, "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985) (citation omitted). Plaintiff has not demonstrated that he will suffer any injury. Plaintiff's allegations do not give any indication of "actual injury." See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam) (citing Lewis v. Casey, 518 U.S. 343, 351-54 (1996)). Plaintiff has not established any injury, but instead speculates that he may suffer an injury if he misses medical appointments, is not provided tomato-free meals, is not given recreation and showers, or is not routinely checked on. However, to date, he has not suffered an actual injury from any purported errors, and therefore, he has no standing to raise the claim. See Rivera v. Wyeth-Ayerst Labs., 283 F.3d 315, 318 (5th Cir. 2002) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-01 (1992)) (standing requires a plaintiff to prove that (1) he suffered an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) the injury will be redressed by a favorable decision in the action). Thus, plaintiff fails to establish that he will suffer irreparable injury if the preliminary injunction is denied.

Regarding the third injunction factor, because there is no irreparable injury, to require prison officials to transfer plaintiff would be an unreasonable interference with the administration and management of the prison. See Kahey v. Jones, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day prison operations)

(citations omitted). Moreover, interference with prison operations in such circumstances would not be in the public's interest as it would be a waste of judicial resources micro-managing prison affairs. Similarly, plaintiff's request to be transferred off the McConnell Unit would amount to impermissible and unnecessary interference with prison operations. See Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976) (prison officials "have broad discretion, free from judicial interference," in determining prisoner assignments).

Plaintiff has sought injunctive relief in his original complaint and, should he ultimately prevail on his Eighth Amendment claims, he can seek injunctive relief at that time. Accordingly, his motions, (D.E. 9, 14), seeking injunctive relief are denied.

## IV. **CONCLUSION**

For the reasons stated above, plaintiff's motion to amend his complaint, (D.E. 12), is granted, and his motion to relocate, (D.E. 9), and his motion for preliminary injunction, (D.E. 14), are denied without prejudice. In addition, plaintiff's Eighth Amendment claims challenging as unconstitutional the conditions in administrative segregation at the McConnell Unit are retained, and service shall be ordered on Warden Guterrez, Warden Jackson; Major Castro; and Captain Rodriguez. In addition, the Court retains plaintiff's retaliation claims against Sergeant DelaGarza and Warden Jackson.

Plaintiff's remaining claims concerning his lost property against Officer Hickey, Sergeant Garza, and Officer Martin are dismissed. Similarly, his claims regarding the investigation of his grievances against Warden Guterrez, Warden Jackson, Lieutenant Cabrera, Captain Salazar, and the three Doe defendant grievance investigators are dismissed. Moreover, his Eighth Amendment claims against Rick Thaler, Captain Salazar, Sergeant Lopez, Officer

Williams, and Sergeant Ramirez are dismissed.  All of these dismissals are with prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

ORDERED this 7th day of June 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE