IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICK JAMES HOWARD, | § | |
|     TDCJ-CID #1527296, | § | |
| v. | § | C.A. NO. C-11-125 |
| | § | |
| WARDEN E. GUTERREZ, ET AL. | § | |

## OPINION DENYING PLAINTIFF'S MOTION TO RECONSIDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's pro se motion to reconsider the dismissal of his claims. (D.E. 19). For the reasons discussed below, his motion is denied.

### I. BACKGROUND

Plaintiff Patrick James Howard is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this action on April 12, 2011, complaining that his life was in danger because he was being denied his medical appointments due to staff shortages, and that he was being exposed to unconstitutional conditions of confinement in deliberate indifference to his serious medical needs, as well as in violation of federal laws protecting the disabled. (D.E. 1). Based on the defendants named in the complaint, an amended complaint, and during an evidentiary hearing, plaintiff sought to sue eighteen individuals. He also sought injunctive relief to compel TDCJ-CID to relocate him to another prison facility. (D.E. 9, 14).

On June 7, 2011, an order was issued retaining plaintiff's Eighth Amendment claims against Warden Guterrez, Warden Jackson, Major Castro, and Captain Rodriguez. Howard v. Guterrez, C-11-125, 2011 WL 2223768, at *5 (S.D. Tex. June 7, 2011) (unpublished). Moreover, his retaliation claims against Sergeant DelaGarza and Warden Jackson were retained.

Id. at *6-7.  However, plaintiff's lost property claims against Officer Hickey, Sergeant Garza, and Officer Martin were dismissed.  Id. at *8.  Similarly, his claims regarding the investigation of his grievances against Warden Guterrez, Warden Jackson, Lieutenant Cabrera, Captain Salazar, and the three Doe defendant grievance investigators were dismissed.  Id. at *8-9.  Moreover, his Eighth Amendment claims against Rick Thaler, Captain Salazar, Sergeant Lopez, Officer Williams, and Sergeant Ramirez were dismissed.  Id. at *4-6.  Finally, any claims against Sergeant Wessels were dismissed.  Id. at *1 n.2.  Additionally, plaintiff's motions seeking injunctive relief were denied.  Id. at *9-10.

## II.  DISCUSSION

### A.    Plaintiff's Motion Is Timely.

A motion to reconsider is timely "filed no later than 28 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  Plaintiff's claims against the various defendants as well as his motions for injunctive relief were dismissed on June 7, 2011.  See generally Howard, 2011 WL 2223768.  His motion was filed with this Court on June 15, 2011 and thus was timely filed.

### B.    Legal Standard For Relief Pursuant To Rule 59.

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted).  Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits.  Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793

(citation omitted). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Templet, 367 F.3d at 479; accord Kossie, 602 F. Supp. 2d at 793.

**C.     Plaintiff's Motion Is Without Merit.**

Plaintiff argues that the dismissed claims should be reinstated. However, he has provided no additional facts to support this assertion. He notes that he has been on a food strike since June 9, 2011, but this fact does not support finding a constitutional violation against Captain Salazar. Indeed, any refusal to eat in this regard is due to his own actions.

Moreover, plaintiff has not provided any case law to support reconsideration due to any legal error. Instead, he seems to argue that his claims were dismissed because he made errors following procedures. This argument is not supported by the order dismissing certain claims. All inmate lawsuits must be screened pursuant to 42 U.S.C. § 1915A. His claims were dismissed because he did not allege facts that would sustain the claims as a matter of law.

Plaintiff does not demonstrate the existence of the need to correct a clear error of law, and he has not presented any relevant newly discovered evidence. Templet, 367 F.3d at 479. His motion therefore must be denied.[1]

---

[1] Plaintiff alludes to wanting to pursue criminal charges "against Sgt. Garza, B.S. Hickey and Mrs. Martin for violated policy and participating in a [sic] act of theft, falsifying documents and failure to respond or prevent when having knowledge of a criminal act." If plaintiff feels that these individuals have violated the law, then he must contact the District Attorney for Bee County.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion to reconsider, (D.E. 19), is hereby DENIED.

ORDERED this 22nd day of June 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE