IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICK JAMES HOWARD, § | | |
|     TDCJ-CID #1527296, § | | |
| v. § | | C.A. NO. C-11-125 |
| § | | |
| WARDEN E. GUTERREZ, ET AL. § | | |

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

Plaintiff Patrick James Howard is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's motion for a temporary restraining order, a preliminary injunction, and a protective order. (D.E. 28). For the reasons discussed below, the motion is denied.

**I.  JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.  BACKGROUND**

Plaintiff filed this action on April 12, 2011, complaining that his life was in danger because he is being denied necessary medical appointments due to staff shortages, and that he is exposed to unconstitutional conditions of confinement in deliberate indifference to his serious medical needs, as well as in violation of federal laws protecting the disabled. (D.E. 1). He named the following individuals as Defendants: (1) Warden Guterrez; (2) Warden Jackson; (3) Major Castro; and (4) Captain Rodriguez. Id.

On May 27, 2011, Plaintiff filed an amended complaint, (D.E. 12), seeking to add additional claims and naming the following additional Defendants: (5) Rick Thaler; (6) Sergeant

Ramirez; (7) Lieutenant Cabrera; (8) Sergeant Wessels; (9) Sergeant Garza; (10) Officer Hickey; (11) Officer L. Williams; (12) Lieutenant Lopez; (13) Captain Salazar; (14) Sergeant A. DelaGarza; (15) Property Officer Martin; and (16) - (18) three Doe defendant grievance investigators. On May 31, 2011, Plaintiff filed a motion for a temporary restraining order, reiterating his complaints and requesting an immediate transfer off the McConnell Unit. (D.E. 14).

A Spears[1] hearing was conducted on May 25, 2011. On June 7, 2011, Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Guterrez, Jackson, Castro and Rodriguez were retained, as were his retaliation claims against Defendants DelaGarza and Jackson. Howard v. Guterrez, No. C-11-125, 2011 WL 2223768, at *4-7 (S.D. Tex. June 7, 2011) (unpublished). His Eighth Amendment claim against defendant Thaler was dismissed. Id. at 4. His loss of property claims against Defendants Hickey, Garza, and Martin were dismissed, as well as his claims alleging a failure to investigate his grievances against Defendants Guterrez, Jackson, Cabrera, Salazar and the three Doe Defendants.[2] Id. at 7-9. The motion for a temporary restraining order was denied. Id. at 9-11. Plaintiff filed a motion to reconsider the order on June 15, 2011, (D.E. 19), which was denied on June 22, 2011. Howard v. Guterrez, No. C-11-125, 2011 WL 2473640 (S.D. Tex. June 22, 2011) (unpublished).

On July 18, 2011, Plaintiff filed the pending motion for an emergency temporary restraining order, injunctive relief, summary judgment, "protection by the court," and "proper

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 312, 324 (1989); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at a Spears hearing is incorporated into the pleadings).

[2] Plaintiff's claims against Defendant Wessels were dismissed without prejudice as abandoned. Howard, 2011 WL 2223768, at *1 n.2.

representation." (D.E. 28). On July 29, 2011, Defendants filed a response. (D.E. 30).

### III. PLAINTIFF'S ALLEGATIONS

In his initial and amended complaints, as well as at his Spears hearing, Plaintiff made the following allegations: 1) that he was routinely left in his cell following seizures without medical attention; 2) that he was frequently left unattended in the showers for excessive lengths of time; 3) that he is served tomato meals every day despite his allergic reaction to them; 4) that prison staff fail to relay and carry out his doctors' instructions; 5) that guards allowed him to inhale toxic smoke; 6) that he missed numerous medical appointments; and 7) that prison officials allowed and encouraged other inmates to attack him.

In his pending motion for a preliminary injunction, Plaintiff articulates the following complaints: 1) that conditions have worsened since his earlier filings; 2) that he became dizzy on June 29, 2011 due to clogged ears, received delayed care, and then suffered from fewer check-ups than a doctor instructed; 3) that he was charged three dollars for care he never received; 4) that prison law librarian, Candace A. Moore, refuses to supply him with legal services or supplies in retaliation for previous grievances; 5) that prison staff do not respond to his grievances; 6) that guards continue to encourage other inmates to assault him as a "snitch"; and 7) that he was recently served "contaminated" water, causing him stomach pains and diarrhea. (D.E. 28).

### IV. DISCUSSION

**A.     A Preliminary Injunction Is An Extraordinary Remedy.**

A motion for a preliminary injunction is governed by Federal Rule of Civil Procedure 65(a). To obtain relief pursuant to that Rule, a movant must demonstrate: "(1) a substantial

likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted).  The movant must prove all four elements; failure to do so results in the motion's denial.  Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir. 1985) (citation omitted).  The Fifth Circuit has explained that injunctive relief is an "extraordinary remedy which requires the movant to unequivocally show the need for its issuance."  Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).

**B.      Plaintiff Is Not Entitled To A Preliminary Injunction.**

Plaintiff does not suggest that any of the named Defendants are associated with the acts complained of in the pending motion for injunctive relief.  As a result, there is no jurisdiction to issue any orders directed at the individuals whose conduct he attacks.  See Bethell v. Peace, 441 F.2d 495, 498 (5th Cir. 1971) (finding "that the scope of [an] injunction is overbroad [if] ... it attempts to affect rights between [the defendant and other individuals] who were not parties to the action"); see also Anthony v. Quimby, Nos. 87-8250, 88-1877, 1990 WL 59364, at *11 (E.D. Pa. May 2, 1990) (unpublished) ("DOI is not a party to this litigation and, therefore, this court has no jurisdiction to issue any orders, much less a preliminary injunction, against that agency."); Gibson v. Alameida, No. CV-F-03-5445, 2008 WL 598159, at *1-2 (E.D. Cal. Mar. 4, 2008) (unpublished) (motion for preliminary injunction by prisoner filing § 1983 claim denied where claims in motion unrelated to claims in lawsuit because "court cannot issue orders that do

4

not remedy the claims alleged in [the] action"), adopted by 2008 WL 767725 (E.D. Cal. Mar. 21, 2008) (unpublished).

Furthermore, Plaintiff fails to meet any of the requirements for a preliminary injunction. At present, the only evidence supporting his claims are his own unsubstantiated assertions, and these are not sufficient to demonstrate a substantial likelihood of success on the merits. Turning to the second factor, Plaintiff fails to show that there is a substantial threat that he will suffer an irreparable injury if the injunction is denied. Indeed, he did not even allege an irreparable injury in his earlier filings, nor does he allege one in the pending motion. Lastly, Plaintiff supplies no reason to conclude that he passes the final two elements of the preliminary injunction inquiry. Any injunction directed at state prison authorities presumably causes some level of inconvenience for public officials and requires the expenditure of some amount of taxpayer funds, thus resulting in damage to Defendants and the public interest both. See 18 U.S.C. § 3626(a)(2) (when considering a preliminary injunction, a "court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief"); see also Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order.") (citation omitted). Plaintiff does not show that his threatened injury outweighs the former, or that the injunction will not cause the latter, and he therefore falls short of unequivocally demonstrating the need for the extraordinary remedy of a preliminary injunction.

## V.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a temporary restraining order, a preliminary injunction, and a protective order, (D.E. 28), are DENIED.[3]

ORDERED this 22nd day of August 2011.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[3] To the extent that plaintiff's motion also is characterized as seeking summary judgment, any such request will be addressed consistent with the briefing scheduled outlined in the order dated August 18, 2011.  (D.E. 34).