IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

PATRICK JAMES HOWARD,                §
      TDCJ-CID #1527296,            §
v.                                   §          C.A. NO. C-11-125
                                     §
WARDEN E. GUTERREZ, ET AL.           §

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Plaintiff Patrick James Howard is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's motion for reconsideration of his injunctive relief and a temporary restraining order. (D.E. 40). For the reasons discussed below, the motion is denied.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND

Plaintiff filed this action on April 12, 2011, complaining that his life was in danger because he is being denied necessary medical appointments due to staff shortages, and that he is exposed to unconstitutional conditions of confinement in deliberate indifference to his serious medical needs, as well as in violation of federal laws protecting the disabled. (D.E. 1). He named the following individuals as Defendants: (1) Warden Guterrez; (2) Warden Jackson; (3) Major Castro; and (4) Captain Rodriguez. Id.

On May 27, 2011, Plaintiff filed an amended complaint, (D.E. 12), seeking to add additional claims and naming the following additional Defendants: (5) Rick Thaler; (6) Sergeant

Ramirez; (7) Lieutenant Cabrera; (8) Sergeant Wessels; (9) Sergeant Garza; (10) Officer Hickey;

(11) Officer L. Williams; (12) Lieutenant Lopez; (13) Captain Salazar; (14) Sergeant A.

DelaGarza; (15) Property Officer Martin; and (16) - (18) three Doe defendant grievance

investigators.  On May 31, 2011, Plaintiff filed a motion for a temporary restraining order,

reiterating his complaints and requesting an immediate transfer off the McConnell Unit.  (D.E.

14).

   A Spears[1] hearing was conducted on May 25, 2011.  On June 7, 2011, Plaintiff's Eighth

Amendment conditions of confinement claims against Defendants Guterrez, Jackson, Castro and

Rodriguez were retained, as were his retaliation claims against Defendants DelaGarza and

Jackson.  Howard v. Guterrez, No. C-11-125, 2011 WL 2223768, at *4-7 (S.D. Tex. June 7,

2011) (unpublished).  His Eighth Amendment claim against Defendant Thaler was dismissed.

Id. at 4.  His loss of property claims against Defendants Hickey, Garza, and Martin were

dismissed, as well as his claims alleging a failure to investigate his grievances against

Defendants Guterrez, Jackson, Cabrera, Salazar and the three Doe Defendants.[2]  Id. at 7-9.  The

motion for a temporary restraining order was denied.  Id. at 9-11.  Plaintiff filed a motion to

reconsider the order on June 15, 2011, (D.E. 19), which was denied on June 22, 2011.  Howard

v. Guterrez, No. C-11-125, 2011 WL 2473640 (S.D. Tex. June 22, 2011) (unpublished).

   On July 18, 2011, Plaintiff filed the pending motion for an emergency temporary

restraining order, injunctive relief, summary judgment, "protection by the court," and "proper

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), abrogated on other grounds by Neitzke v. Williams,
490 U.S. 312, 324 (1989); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at a Spears
hearing is incorporated into the pleadings).

[2] Plaintiff's claims against Defendant Wessels were dismissed without prejudice as abandoned.  Howard,
2011 WL 2223768, at *1 n.2.

representation." (D.E. 28). On July 29, 2011, Defendants filed a response. (D.E. 30). On August 22, 2011, plaintiff's motion for injunctive relief was denied. Howard v. Guterrez, No. C-11-125, 2011 WL 3687382 (S.D. Tex. Aug. 22, 2011) (unpublished).

On September 22, 2011, plaintiff's pending motion was filed. (D.E. 40). That motion was placed into the mail no later than September 19, 2011. Id. at 12.

### III.  PLAINTIFF'S ALLEGATIONS

In his initial and amended complaints, as well as at his Spears hearing, Plaintiff made the following allegations: 1) that he was routinely left in his cell following seizures without medical attention; 2) that he was frequently left unattended in the showers for excessive lengths of time; 3) that he is served tomato meals every day despite his allergic reaction to them; 4) that prison staff fail to relay and carry out his doctors' instructions; 5) that guards allowed him to inhale toxic smoke; 6) that he missed numerous medical appointments; and 7) that prison officials allowed and encouraged other inmates to attack him.

In the motion for a preliminary injunction, Plaintiff articulates the following complaints: 1) that conditions have worsened since his earlier filings; 2) that he became dizzy on June 29, 2011 due to clogged ears, received delayed care, and then suffered from fewer check-ups than a doctor instructed; 3) that he was charged three dollars for care he never received; 4) that prison law librarian, Candace A. Moore, refuses to supply him with legal services or supplies in retaliation for previous grievances; 5) that prison staff do not respond to his grievances; 6) that guards continue to encourage other inmates to assault him as a "snitch"; and 7) that he was recently served "contaminated" water, causing him stomach pains and diarrhea. (D.E. 28).

In the pending motion for reconsideration, plaintiff asserts that although there is a new senior warden, his conditions have not improved at the McConnell Unit and none of the ranked officers will respond to is letters or I-60s. (D.E. 40, at 2).  Because he was continually denied access to recreation or showers as well as denied access to ranked officers, he took his own steps to correct the situation: "After three straight days of unexcusable denials plaintiff was provoked to act out, because the subordinates refused to contact rank because they tried to hide the lawless behavior.  Plaintiff refused to give up the 'food slot' because he was tired of what should've been taken care of."  Id. at 3.

## IV.  DISCUSSION

**A.    Plaintiff's Motion Is Timely.**

A motion to reconsider is timely "filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).  Plaintiff's motions for injunctive relief were dismissed on August 22, 2011.  See generally Howard, 2011 WL 3687382.  His motion for reconsideration was placed in the mail no later than September 19, 2011 and thus was timely filed.

**B.    Legal Standard For Relief Pursuant To Rule 59.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted).  Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits.  Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793

4

(citation omitted).  To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Templet, 367 F.3d at 479; accord Kossie, 602 F. Supp. 2d at 793.

**C.     A Preliminary Injunction Is An Extraordinary Remedy.**

A motion for a preliminary injunction is governed by Federal Rule of Civil Procedure 65(a).  To obtain relief pursuant to that Rule, a movant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest."  Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted).  The movant must prove all four elements; failure to do so results in the motion's denial.  Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir. 1985) (citation omitted).  The Fifth Circuit has explained that injunctive relief is an "extraordinary remedy which requires the movant to unequivocally show the need for its issuance."  Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).

**D.     Plaintiff Is Not Entitled To A Preliminary Injunction.**

Plaintiff's pending motion alleges essentially the same facts that he alleged in his initial and amended complaints.  His claims for Eighth Amendment violations as well as retaliation claims are proceeding before this Court.  His motion to reconsider the denial of injunctive relief seeks expedited consideration of his claims.  Indeed, he indicated that "he has requested the motion pointing out the following due to the constant negligence and wayward behavior allowed

by Supervisors." (D.E. 40, at 3).  Additionally, he claims that "it will be too late for the court to help by the time the case is heard unless the court takes action against the defendants immediately."  Id.  Finally, he asserts that he "is likely to be seriously be [sic] harmed by the widespread deficiencies that jeopardize the plaintiff [sic] health and safety as well as violate his constitutional rights."  Id.

As an initial matter, Plaintiff notes that he has been on a food strike, but this fact does not support any injunctive relief based on his personal decision to refuse to eat.  Similarly, his complaints about the use of force and having his line status reduced as well as being on a foodloaf diet stem from his admitted refusal to obey prison rules and orders by the correctional officers.[3]  Again, these consequences for his actions cannot be the basis for injunctive relief.

Moreover, Plaintiff fails to meet any of the requirements for a preliminary injunction.  At present, the only evidence supporting his claims are his own unsubstantiated assertions, and these are not sufficient to demonstrate a substantial likelihood of success on the merits.  Turning to the second factor, Plaintiff fails to show that there is a substantial threat that he will suffer an irreparable injury if the injunction is denied.  Indeed, he did not even allege an irreparable injury in his earlier filings, nor does he allege one in the pending motion.  Lastly, Plaintiff supplies no reason to conclude that he passes the final two elements of the preliminary injunction inquiry.  Any injunction directed at state prison authorities presumably causes some level of inconvenience for public officials and requires the expenditure of some amount of taxpayer funds, thus resulting in damage to Defendants and the public interest both.  See 18 U.S.C.

---

[3] Plaintiff is complaining about being punished without any disciplinary hearing.  (D.E. 40, at 3).  While such allegations of denial of due process would typically be properly raised in a habeas petition, these allegations are not cognizable.  See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam).

6

§ 3626(a)(2) (when considering a preliminary injunction, a "court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief"); see also Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order.") (citation omitted).  Plaintiff does not show that his threatened injury outweighs the former, or that the injunction will not cause the latter, and he therefore falls short of unequivocally demonstrating the need for the extraordinary remedy of a preliminary injunction.

## V.  CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration of his injunctive relief and a temporary restraining order, (D.E. 40), are DENIED.

ORDERED this 30th day of September 2011.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE